**James BAYLIS, et al.,**
**Plaintiffs–Appellants,**
**Cross–Appellees,**

v.

**MARRIOTT CORPORATION,**
**Defendant–Appellee,**
**Cross–Appellant.**

**Nos. 1402, 1518, Dockets**
**90–7027, 90–7187.**

United States Court of Appeals,
Second Circuit.

Argued May 31, 1990.

Decided June 22, 1990.

David M. Richman, New York City, for plaintiffs-appellants-cross-appellees.

Carole O'Blenes, New York City (Saul G. Kramer, Susan B. Singley, Proskauer Rose Goetz & Mendelsohn, on the brief), for defendant-appellee-cross-appellant.

Before KAUFMAN, KEARSE, and MINER, Circuit Judges.

KEARSE, Circuit Judge:

Plaintiffs James Baylis, *et al.*, appeal from a final judgment of the United States District Court for the Eastern District of Néw York, Edward R. Korman, *Judge*, dismissing their complaint against defendant Marriott Corporation ("Marriott") for alleged tortious inducement of breach of their collective bargaining agreement with Pan American World Airways, Inc. ("Pan Am"). Following remand from this Court in a prior, appeal, in which we held that plaintiffs had no federal claim for inducement of breach and directed consideration of whether plaintiffs could state a claim under state law, *see Baylis v. Marriott Corp.*, 843 F.2d 658 (2nd Cir.1988) ("*Baylis I*"), the district court ruled that the complaint failed to state any claim that was not preempted by the Railway Labor Act, 45 U.S.C. § 151 *et seq.* (1982) ("RLA" or the "Act"). On appeal, plaintiffs contend that the district court (1) erroneously believed that *Baylis I* precluded it from entertaining their state-law claims, and (2) improperly dismissed their claims without allowing them discovery. Marriott has cross-appealed, contending that, except as to plaintiff

Baylis himself, no timely notice of appeal was filed and that the district court abused its discretion in extending the time of the other plaintiffs to appeal. For the reasons below, we conclude that the appeal is timely as to all plaintiffs and that the judgment of the district court should be affirmed.

## I. BACKGROUND

The background of this litigation is set forth in *Baylis I*, familiarity with which is assumed, and will not be repeated in detail here. Briefly, plaintiffs are former employees of Pan Am who had worked in its catering operation but lost their jobs when Pan Am decided to discontinue its in-house operation and engage the catering services of Marriott. Contending that their collective bargaining agreement with Pan Am guaranteed them employment for life, plaintiffs sued Pan Am for breach of the agreement and sued Marriott for tortious inducement of Pan Am's breach. The district court granted summary judgment dismissing the claim against Pan Am on its merits on the ground that the original collective bargaining agreement had been replaced by a new one; it denied Marriott's motion to dismiss, ruling that a cause of action for inducement of breach of the original contract could be implied as a matter of federal common law.

In *Baylis I*, we concluded that the district court should not have reached the merits of the claim against Pan Am but should instead have dismissed it for lack of subject matter jurisdiction because that claim required interpretation of the terms of the collective bargaining agreement and hence was preempted by the RLA. We also ruled that a tortious interference claim against Marriott could not be implied under federal common law, stating as follows:

> Implying a federal claim for tortious interference would conflict with the strong policy under the RLA of keeping questions of labor contract interpretation out of the federal courts. There is no authority for creating a federal common law tort for this case. . . .

843 F.2d at 664. Accordingly, we remanded to the district court for a determination

of, *inter alia*, "whether plaintiffs' state claim against Marriott is preempted by federal law." *Id.* at 665.

On remand, the district court stated that "[i]f there is 'a strong federal policy under the R.L.A. of keeping questions of labor contract interpretation out of the federal courts,'" Memorandum and Order dated December 5, 1989 ("Decision"), at 4 (quoting from *Baylis I*, 843 F.2d at 664), "then it is difficult to avoid the conclusion that a state law cause of action for tortious interference with a collective bargaining agreement conflicts with ' "the accomplishment and execution of the full purposes and objectives of Congress," ' " Decision at 4 (quoting *Michigan Canners & Freezers Association v. Agricultural Marketing and Bargaining Board*, 467 U.S. 461, 469, 104 S.Ct. 2518, 2523, 81 L.Ed.2d 399 (1984) (quoting *Hines v. Davidowitz*, 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1941))). Though the district court expressed a preference for " 'allowing a state law action to proceed against a party who has not signed the labor contract, and whose obligations are not defined by the contract,'" Decision at 5 (quoting *Dougherty v. Parsec, Inc.*, 872 F.2d 766, 771 (6th Cir.1989)), it reluctantly concluded that *Baylis I*'s premise precluded a finding that plaintiffs' state-law claims were not preempted. The court also rejected plaintiffs' contention that they could establish their state-law tortious interference claims without proving breach of the underlying contract on the theory that the contract was voidable or terminable at will, noting that the complaint did not allege, as would be required under such a theory, that Marriott had induced the contract termination by wrongful means. Accordingly, the court dismissed the complaint for failure to state a claim that is not preempted by the RLA.

Plaintiffs have appealed the judgment of dismissal. As discussed in Part II below, Marriott has moved to dismiss the appeal as untimely filed by all plaintiffs ·except Baylis and has cross-appealed a decision of the district court extending plaintiffs' time to appeal. For the reasons below, we deny Marriott's motion to dismiss plaintiffs' appeal, we dismiss Marriott's cross-appeal as

moot, and we affirm the judgment of the district court.

## II. APPELLATE JURISDICTION

■ The judgment dismissing the complaint was entered on December 7, 1989; under Fed.R.App.P. 4(a)(1) and 26(a), the deadline for appeal was thus January 8, 1990. On January 3, a notice of appeal was filed, bearing a caption styled "JAMES BAYLIS, ET AL," [*sic*] and stating that "JAMES BAYLIS, et al, [*sic*] all of the plaintiffs in this action, hereby appeal...." Thereafter, it was called to the attention of plaintiffs' then-attorney that, because it listed only Baylis by name, the notice of appeal might be ineffective as to the other plaintiffs.

In February 1990, plaintiffs other than Baylis moved in the district court pursuant to Fed.R.App.P. 4(a)(5) for an extension of their time to file an amended notice of appeal. Their attorney explained that he had used the truncated form because there were nearly 200 plaintiffs, because abbreviated captions had been used on virtually all of the other papers in the litigation, and because he was unaware that specificity in the notice of appeal was required. The district court expressed the view that the notice had adequately indicated that all of the plaintiffs intended to appeal and, though noting that there might be no basis for a finding of excusable neglect as required by Rule 4(a)(5), granted the application for an extension of time to amend the notice if necessary. An amended notice of appeal, listing each plaintiff by name, was filed on February 9, 1990.

Marriott has moved to dismiss the appeal for lack of appellate jurisdiction as to all plaintiffs other than Baylis, and it has cross-appealed from the order granting those plaintiffs time to file an amended notice of appeal. We conclude that the original notice of appeal, though not in technical compliance with the Rules, was adequate to give us jurisdiction with respect to all plaintiffs.

Rule 3(c) of the Federal Rules of Appellate Procedure provides, in part, that "[t]he

notice of appeal shall specify the party or parties taking the appeal...." Fed.R. App.P. 3(c). This requirement has jurisdictional implications, for "[t]he failure to name a party in a notice of appeal ... constitutes a failure of that party to appeal." *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 314, 108 S.Ct. 2405, 2407, 101 L.Ed.2d 285 (1988). The purpose of the specificity requirement is to provide notice to the court and to the opposing parties of the identity of the appellant or appellants, permitting the court and the opposition to know, for example, which parties are bound by the district court's judgment or which parties may be held liable for costs or sanctions on the appeal.

Rule 3(c) also provides, however, that "[a]n appeal shall not be dismissed for informality of form or title of the notice of appeal," Fed.R.App.P. 3(c), and we may consider a technical defect to be immaterial if the notice of appeal contains the "functional equivalent" of a listing of each appealing party's name. *Torres v. Oakland Scavenger Co.*, 487 U.S. at 317, 108 S.Ct. at 2409. The mere appendage of the phrase "*et al.,*" however, is not sufficient, for that term literally means "and others," without specifying *which* others. *Id.* at 317–18, 108 S.Ct. at 2409; *Shatah v. Shearson/American Express, Inc.*, 873 F.2d 550, 552 (2d Cir.1989) (per curiam).

In the present case, the original notice of appeal was technically deficient since it did not list the parties who sought to appeal. The caption, using the "*et al.*" short form, was insufficient to meet the specificity requirement of Rule 3(c). Nonetheless, the body of the notice did contain a precise indication as to which parties sought to appeal, since it stated that the appeal was being taken by "all of the plaintiffs in this action." Thus, the ambiguity of "*et al.*" was resolved. No doubt was left that all of the plaintiffs sought review, that all would be entitled to whatever general relief the appellate court might grant, or that all could be held liable for costs or sanctions on the appeal. We conclude that the specification that the appeal was taken by "all of the plaintiffs in this action" was the functional equivalent of a plaintiff-by-plaintiff listing.

Accordingly, the original notice of appeal, which was timely filed, was sufficient to constitute an appeal by all of the plaintiffs. Marriott's motion to dismiss the appeal as to the plaintiffs other than Baylis is denied, and its cross-appeal from the district court's order granting an extension of time to file an amended notice of appeal is dismissed as moot.

## III. THE MERITS

Turning to the merits of plaintiffs' appeal, we conclude that the district court properly dismissed the complaint because the state-law claim of tortious interference with contract, to the extent that it is well pleaded, is preempted by the RLA.

 Under traditional principles of New York law, a party may not recover for tortious inducement of breach of a contract without proving that the underlying contract has been breached. *See Enercomp, Inc. v. McCorhill Publishing, Inc.*, 873 F.2d 536, 541 (2d Cir.1989); *Jack L. Inselman & Co. v. FNB Financial Co.*, 41 N.Y.2d 1078, 1080, 396 N.Y.S.2d 347, 349, 364 N.E.2d 1119, 1120 (1977) (mem.). As we stated in *Baylis I*, however, the procedures established by the RLA "are mandatory and provide the exclusive forum for ... the interpretation of contracts under that Act." 843 F.2d at 662. Since plaintiffs cannot establish that Marriott tortiously induced Pan Am to breach without establishing the meaning of the collective bargaining agreement and its breach by Pan Am, their claims of tortious inducement of breach are preempted by the RLA. *Accord Beard v. Carrollton Railroad*, 893 F.2d 117, 122 (6th Cir.1989); *cf. Lumber Production Industrial Workers Local # 1054 v. West Coast Industrial Relations Association*, 775 F.2d 1042, 1049 (9th Cir. 1985) (tortious interference claim preempted by National Labor Relations Act, 29 U.S.C. § 151 *et seq.*); *Johnson v. Anheuser Busch, Inc.*, 876 F.2d 620, 624 (8th Cir. 1989) (tortious interference claim preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"));

see also *Baldracchi v. Pratt & Whitney Aircraft Division*, 814 F.2d 102, 106 (2d Cir.1987) (RLA likely has greater preemptive reach than LMRA), *cert. denied*, 486 U.S. 1054, 108 S.Ct. 2819, 100 L.Ed.2d 920 (1988).

Plaintiffs argue that we should reach the contrary conclusion on the basis of the Sixth Circuit's decision in *Dougherty v. Parsec, Inc.*, 872 F.2d 766 (6th Cir.1989), which held that a tortious interference claim under Ohio law was not preempted by § 301 of the LMRA. That case is inapposite since, *inter alia*, under Ohio law, breach of the underlying contract is not an essential element of the tortious interference claim. *See id.* at 770; *Beard v. Carrollton Railroad*, 893 F.2d at 122 n. 1 (holding tortious interference claim under Kentucky law preempted by RLA because proof of breach of contract under that law was essential to the claim, and noting that *"Dougherty v. Parsec, Inc.* ... held that a claim for tortious interference with contract under Ohio law was not preempted by § 301" because "Ohio law is to the contrary").

Plaintiffs also argue that they could prevail under state law without proving a breach of contract by Pan Am, on the theory that breach is not required where the underlying contract was voidable or terminable at will. As the district court noted, however, New York law permits recovery for inducement of termination of such a contract only where the defendant has induced the termination by wrongful means. Thus, in *Guard–Life Corp. v. S. Parker Hardware Mfg. Corp.*, 50 N.Y.2d 183, 428 N.Y.S.2d 628, 406 N.E.2d 445 (1980), the New York Court of Appeals explained as follows:

> With respect to a contract for a definite term, persuasion to breach alone, as by an offer of better terms ..., has been sufficient to impose liability on one who thereby interferes with performance....
>
> Where contracts terminable at will have been involved, we have upheld complaints and recoveries in actions seeking damages for interference when the alleged means employed by the one inter-

fering were wrongful as consisting of fraudulent representations ... or as in violation of a duty of fidelity owed to the plaintiff by the defendant by reason of a relation of confidence existing between the[m].... Absent some such misconduct, no liability has resulted to one whose actions have induced nonperformance of a contract deemed to be voidable and thus unenforceable....

*Id.* at 194, 428 N.Y.S.2d at 634, 406 N.E.2d at 450–51. The complaint in the present case does not allege that Marriott used fraudulent or otherwise wrongful means to induce Pan Am to cease in-house catering operations and procure catering services from Marriott. Accordingly, the district court did not err in ruling that the complaint could not be upheld on this theory.

Finally, we reject plaintiffs' contention that the district court should not have dismissed their complaint without allowing them to conduct discovery into the possibility that Marriott may have induced the contract termination by wrongful means. This action has been pending since 1985; presumably plaintiffs have had ample time to conduct discovery. Further, though their voidable-contract theory appears to have been proffered only belatedly in a May 25, 1989 letter sent to the court some months after Marriott's motion for dismissal had been argued, that letter did not contain any request for discovery to substantiate the new theory. Nor have plaintiffs pointed to any discovery request that, at the time of the district court's decision, had been denied or was outstanding. The district court's granting of the motion to dismiss without *sua sponte* ordering discovery was not an abuse of discretion.

## CONCLUSION

For the above reasons, we dismiss defendant's cross-appeal, No. 90–7187, and we deny its motion to dismiss appeal No. 90–7027 as to plaintiffs other than Baylis. We have considered all of plaintiffs' arguments in support of their appeal and have found them to be without merit. The judgment dismissing the complaint is affirmed.

Plaintiffs shall bear the costs on their appeal; defendant shall bear the costs on its cross-appeal and its motion.