ASSOCIATION OF AMERICAN MEDI-
CAL COLLEGES, Plaintiff–Appellee,
Cross–Appellant,

v.

Mario CUOMO, Individually, and as Governor of the State of New York, Theodore M. Black, Individually, and as Chancellor, Board of Regents of the University of the State of New York, Willard A. Genrich, Individually, and as Vice Chancellor, Board of Regents of the University of the State of New York, Kenneth B. Clark, Harold E. Newcomb, Emlyn I. Griffith, Mary Alice Kendall, Jorge L. Batista, Louis E. Yavner, Laura Bradley Chodos, Martin C. Barell, Joseph R. Bongiorno, Louise P. Matteoni, J. Edward Meyer, Arlene B. Reed–Delaney, R. Carlos Carballada, Individually, and as Members of the Board of Regents of the University of the State of New York, Gordon M. Ambach, Individually, and as Commissioner of Education, the University of the State of New York, and Robert Abrams, Individually, and as Attorney General, Defendants–Appellants, Cross–Appellees.

No. 595, Docket 90–7269.

United States Court of Appeals,
Second Circuit.

Submitted Sept. 11, 1990.

Decided Sept. 14, 1990.

Robert A. Burgoyne (Carl W. Vogt, Fulbright & Jaworski, Washington, D.C., of counsel), for plaintiff-appellee, cross-appellant.

Daniel Smirlock, Asst. Atty. Gen., Albany, N.Y. (Robert Abrams, Atty. Gen. of the State of N.Y., O. Peter Sherwood, Sol. Gen., Peter H. Schiff, Deputy Sol. Gen., Albany, N.Y., of counsel), for defendants-appellants, cross-appellees.

Before LUMBARD, WINTER and MINER, Circuit Judges.

PER CURIAM:

Cross-appellees, eighteen New York State officials, appeal from a grant of summary judgment in favor of cross-appellant Association of American Medical Colleges ("AAMC"). Cross-appellees filed a timely notice of appeal stating

PLEASE TAKE NOTICE that the defendants in the above matter hereby appeal to the United States Court of Appeals for the Second Circuit, from the final order of judgment entered by the Court on February 13, 1990.

AAMC moves for an order dismissing the appeal for lack of jurisdiction on the ground that the notice of appeal failed to comply with the specificity requirements of Federal Rule of Appellate Procedure 3(c) because it did not list the appealing parties individually. We deny the motion.

Rule 3(c) requires in relevant part that "[t]he notice of appeal shall specify the party or parties taking the appeal." Although failure to name a party in a notice of appeal constitutes a failure of that party to appeal, *see Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 314, 108 S.Ct. 2405, 2407, 101 L.Ed.2d 285 (1988), such defect may be immaterial if the notice of appeal

contains the "functional equivalent" of a listing of each appealing party's name, *see id.* at 317, 108 S.Ct. at 2409. We hold that the phrase "the defendants in the above matter hereby appeal" was the functional equivalent of naming each and every defendant in this action. *See Baylis v. Marriott Corp.*, 906 F.2d 874 (2d Cir.1990) (holding that "the specification that the appeal was taken by 'all of the plaintiffs in this action' was the functional equivalent of a plaintiff-by-plaintiff listing"). The notice of appeal was thus sufficiently precise to fulfill the specificity requirement of Rule 3(c).

Motion denied.