5 F.3d 539
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Rachel v. SANTOS, Plaintiff-Appellant,
v.
Marvin T. RUNYON, Defendant-Appellee.
 No. 92-55211.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 12, 1993.
Decided Sept. 13, 1993.
 
 Appeal from the United States District Court For the Central District of California, No. CV-89-6123-TJH; Terry J. Hatter, United States District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before: GIBSON,* HALL, and KLEINFELD, Circuit Judges.
 
 
 1
 Memorandum**
 
 
 2
 Rachel Santos appeals the district court's order finding that the United States Postal Service did not retaliate against Santos in violation of Title VII of the Civil Rights Act of 1964. We affirm.
 
 I. FACTS
 
 3
 In June 1982, Santos was selected for a temporary promotion, not to exceed two years, as the Sequoia District Women's Program Coordinator, a level-17 position with the United States Postal Service. Santos reported to Arthur Montoya, the District Director of Employee and Labor Relations. In the course of her duties, Santos planned and conducted a women's seminar, featuring Gloria Steinem as a speaker, on September 10 and 11, 1982, to provide information to female employees about career development. Approximately one week later Santos was told that officials in Washington were disturbed about the widespread publicity surrounding the seminar. During the week of September 20-24, Santos attended an out-of-town management training seminar and when she returned, another individual, Mary Englebrecht, was performing her duties and occupying her desk. Santos was then told that Englebrecht had been assigned to the position; Santos was returned to her previous position as Supervisor of Mails at the Alhambra Post Office on October 3, 1982. On October 20, Santos filed an administrative discrimination complaint alleging that the termination of her promotion was the result of discrimination in violation of her civil rights under Title VII of the Civil Rights Act of 1964. Specifically, Santos alleged that she was terminated from her temporary promotional appointment due to the controversial nature of the equal rights seminar she organized. During this same time period, Arthur Montoya asked Santos to provide the financial records and the postal funds generated by the women's seminar. The parties disagree about the facts surrounding this event, but they do agree that the records were eventually turned over to Montoya.
 
 
 4
 In May of 1984, a vacancy announcement was advertised for the permanent position of Women's Coordinator. A three-member panel screened the applicants and submitted four names, including Santos', to Hector Godinez, the selecting official. Godinez selected Patricia Herrera for the position, and the selection was approved by the Regional Postmaster General. Herrera had occupied the position on a temporary basis prior to her selection.
 
 
 5
 On October 20, 1989, Santos filed another administrative complaint alleging that she was unlawfully rejected for the permanent position of Women's Coordinator in retaliation for her filing a complaint with the Equal Employment Opportunities Commission (EEOC), in violation of her civil rights under Title VII of the Civil Rights Act of 1964. The district court denied the Postal Service's motion to dismiss on May 16, 1990 and the case proceeded to a bench trial on October 7th, 1991. The court ruled in favor of Santos on her claim that she was terminated from her temporary position as Women's Program Coordinator, and awarded her back pay with interest for the time period of October, 1982 to October, 1984. The court ruled against Santos on her claim of retaliation concerning her 1984 application for the permanent position of Women's Coordinator.
 
 II. DISCUSSION
 A. Jurisdiction
 1. Timeliness
 
 6
 The Postal Service argues that Santos' appeal "appears untimely" because it was filed 64 days after the entry of final judgment, but it concedes in its brief that a motion under Rule 59 may toll the period. Santos argues that her motion under Rule 59 tolled the period for filing a notice of appeal. See Fed.R.App.P. 4(a)(4); Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991) (motion for a new trial tolls the time for filing a notice of appeal under Fed.R.App.P. 4(a)(4)). Santos' motion for a new trial was denied on February 5, 1992 and she filed a notice of appeal on February 13, 1992, which is within the sixty day time period under Rule 4(a)(4)(iv). Because Santos filed a notice of appeal within sixty days after the denial of her motion for a new trial, this court has jurisdiction over this appeal.
 
 2. Notice of Appeal
 
 7
 The Postal Service argues this court lacks jurisdiction over Santos' appeal because Santos was not properly identified in the notice of appeal. It contends that because Santos' name was not listed as the appellant on the notice of appeal, the notice was insufficient to give notice to all plaintiffs as required by Fed.R.App.P. 3(c) and is a jurisdictional bar to this appeal.[1] Santos contends that although her name is not filled in on the space denoting name of appellant, her name appeared on the cover sheet of the notice, in the left hand corner of the notice, and at the bottom of the document where she signed and dated the notice. Our central inquiry is whether "the opposition and the court" received fair notice of the appeal. See United States v. Musa, 946 F.2d 1297, 1301 (7th Cir.1991). In this case, although Santos' name did not appear on one blank of the notice, she was identified as the appellant within the notice of appeal, and was the only possible plaintiff appellant in this case, which was sufficient to give the Postal Service notice of her appeal. The technical defect is immaterial because the body of the notice contains a "precise indication as to which part[y] sought to appeal." Baylis v. Marriott Corp., 906 F.2d 874, 877 (2nd Cir.1990). This is an example of "imperfect but substantial compliance with a technical requirement." See Torres v. Oakland Scavenger Co., 487 U.S. 312, 315-16 (1988).
 
 B. Title VII claim
 
 8
 The plaintiff has the initial burden of proving, by a preponderance of the evidence, a prima facie case of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-804 (1973). If the plaintiff meets this burden, the defendant must articulate legitimate nondiscriminatory reasons for its action. Id. Finally, if the defendant meets this burden, the plaintiff must then prove that the defendant's reasons are a pretext for discrimination. Id. Although Santos had the initial burden of proving a prima facie case of discrimination by a preponderance of the evidence, this is irrelevant to our review because the district court went on to consider the second determination of whether the Postal Service articulated nondiscriminatory reasons for not hiring Santos. United States Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 715 (1983). Thus, we review the district court's conclusion that the evidence established that Santos' non-selection was based on her prior insubordination and Godinez's belief that Santos was not a "team player." These findings were based on Godinez's views of the events surrounding the return of postal funds and records. See page two, supra. These findings are reviewed for clear error. Norris v. City and County of San Francisco, 900 F.2d 1326, 1329 (9th Cir.1990).
 
 
 9
 Santos argues the court's conclusion that the Postal Service did not retaliate against her is fatally inconsistent with its finding that insubordination was not a reason for Santos' dismissal from the temporary position. The Postal Service argues the findings are not inconsistent because they involved different determinations and were based on the testimony of two different individuals, Montoya and Godinez. The Service contends the court may find Godinez's testimony credible concerning the permanent position even though it did not find Montoya's testimony credible concerning the temporary position. We agree. The court evaluated the credibility of the witnesses and evidence presented, and it concluded that there was not a causal connection between her non-selection and the fact that she had previously filed an EEOC complaint. We find no basis in the record for concluding the district court's findings are clearly erroneous. Norris, 900 F.2d at 1329.
 
 III. CONCLUSION
 
 10
 We AFFIRM the district court.
 
 
 
 *
 The Honorable Floyd R. Gibson, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Fed.R.App.P. 3(c) provides that "[t]he notice of appeal shall specify the party or parties taking the appeal; ... An appeal shall not be dismissed for informality of form or title of the notice of appeal."