11-4493-cv
Gusler v. City of Long Beach

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2012

(Submitted: September 6, 2012     Decided: November 26, 2012)

Docket No. 11-4493-cv

- - - - - - - - - - - - - - - - - - - - - - - - -x

**JAY GUSLER,**

    <u>**PLAINTIFF-APPELLEE,**</u>

   **-v.-**

**THE CITY OF LONG BEACH, THE LONG BEACH VOLUNTEER FIRE DEPARTMENT, THE LONG BEACH POLICE DEPARTMENT, CHARLES THEOFAN, GARRET ROONEY, LISA HIRSCH, COREY KLEIN, ROBERT AGOSTISI, MARCO PASSARO, JOHN GARGAN, SCOTT KEMINS, STEPHEN FRASER, JOHN McLAUGHLIN, MICHAEL GELBERG, TIMOTHY RADIN,**

    <u>**DEFENDANTS-APPELLANTS.**</u>

- - - - - - - - - - - - - - - - - - - - - - - - -x

  Before:  JACOBS, <u>Chief Judge</u>, Carney, <u>Circuit Judge</u>, Gleeson, <u>District Judge</u>.[*]

---

  [*] The Honorable John Gleeson, United States District Judge for the Eastern District of New York, sitting by designation.

Plaintiff Jay Gusler, pro se, filed an action under 42 U.S.C. § 1983, alleging that the defendants unlawfully retaliated against him. The district court (Feuerstein, J.) dismissed some of the claims against some of the defendants. The remaining individual defendants sought to appeal the denial of their dismissal motion raising a defense of qualified immunity. However, we lack jurisdiction to consider their appeal because they did not file a timely notice of appeal that specified that they intended to appeal.

Dismissed.

> Paul F. Millus and Virginia K. Trunkes, Snitow Kanfer Holtzer & Millus, LLP, New York, NY for Defendants-Appellants.

> Jay Gusler, pro se, Long Beach, NY, for Plaintiff-Appellee.

DENNIS JACOBS, Chief Judge:

This appeal is taken from an order of the United States District Court for the Eastern District of New York (Feuerstein, J.), denying qualified immunity for certain defendants on a retaliation claim asserted under 42 U.S.C. § 1983. We lack jurisdiction to consider this appeal because the notice fails to comply with the requirement of Federal Rules of Appellate Procedure Rule 3(c)(1)(A) that the notice "specify the party or parties taking the appeal."

**BACKGROUND**

The factual allegations of the underlying suit are irrelevant to the jurisdictional issue except insofar as they assist in accounting for the procedural history.

Plaintiff Jay Gusler, pro se, alleges he suffered retaliation for speaking out about issues involving his employer, the Long Beach Fire Department. His suit names the City of Long Beach, its police department and volunteer fire department, and twelve individual officers and officials of the city. The individual defendants moved to dismiss for failure to state a claim and on grounds of qualified immunity. The court denied qualified immunity as to all the individual defendants, but as to eight of them granted the motions to dismiss for failure to state a claim. (Claims against another were withdrawn after he died.) Thus, there remained claims against three: Charles Theofan, Marco Passaro, and John Gargan.

A notice of appeal was filed within 30 days. See Fed. R. App. P. 4(a)(1)(A). The notice of appeal contained the full caption, naming fifteen defendants (including Theofan, Passaro, and Gargan), but stated in the body: "Notice is hereby given that the defendant Nassau County hereby appeals . . . . to the extent that the [District] Court denied defendants' motion to dismiss the claims against the

individual defendants on the grounds of qualified immunity."
(Notice of Appeal, Docket No. 1, Oct. 26, 2011.)  The City
of Long Beach is in Nassau County, but Nassau County itself
is not a party.

After the 30-day period to file a notice of appeal had
lapsed, the defendants (without seeking leave of court)
filed an amended notice of appeal listing as appellants all
twelve individual defendants--without distinguishing between
those who had been dismissed and those who had not.  (Only
the amended notice was included in the appendix on appeal.)

**DISCUSSION**

The requirement that a party seeking to appeal be
specified in the notice of appeal is jurisdictional.  Baylis
v. Marriott Corp., 906 F.2d 874, 877 (2d Cir. 1990) (citing
Torres v. Oakland Scavenger Co., 487 U.S. 312, 314 (1988));
accord State Trading Corp. v. Assuranceforeningen Skuld, 921
F.2d 409, 412 (2d Cir. 1990).  We are therefore obligated to
first satisfy ourselves of our jurisdiction even though the
parties here have not raised the issue.  Gonzalez v. Thaler,
132 S. Ct. 641, 648 (2012); Reddington v. Staten Island
Univ. Hosp., 511 F.3d 126, 131 (2d Cir. 2007).

The original notice of appeal recites only that
"defendant Nassau County hereby appeals" the decision of the

4

district court. That does not "provide notice to the court [or] to the opposing parties of the identity of the appellant or appellants" so that this Court, the district court, and the plaintiff can "know . . . which parties are bound by the district court's [decision] [and] which parties may be held liable for costs or sanctions on the appeal." Baylis, 906 F.2d at 877; accord Torres, 487 U.S. 318 ("The purpose of the specificity requirement of Rule 3(c) [of the Federal Rules of Appellate Procedure] is to provide notice both to the opposition and to the court of the identity of the appellant or appellants."). Were it otherwise, "[t]he party could sit on the fence, await the outcome [of the appeal], and opt to participate only if it was favorable." Gonzalez, 132 S. Ct. at 652.

Rule 3(c)(1)(A) requires that a notice of appeal "specify the party or parties taking the appeal by naming each one *in the caption or body* of the notice" and permits "an attorney representing more than one party [to] describe those parties with such terms as 'all plaintiffs,' 'the defendants,' 'the plaintiffs A, B, et al.,' or 'all defendants except X.'" (Emphasis added.) Obviously, the individual defendants wishing to appeal were not specified in the "body of the notice." So the only way that the appeal notice could possibly suffice would be if it is

enough that the three parties against whom claims remain are among the fifteen defendants listed in the caption of the notice.

Because a notice of appeal must "specify the party or parties taking the appeal," Fed. R. App. P. 3(c)(1)(A), it fails to do so if those parties are listed only in the caption while the body of the notice states that *someone else* is taking the appeal. See Minority Employees of the Tenn. Dep't of Emp't Sec., Inc. v. State of Tenn. Dep't of Emp't Sec., 901 F.2d 1327, 1335-36 & n.5 (6th Cir. 1990) (in banc); Allen Archery, Inc. v. Precision Shooting Equip., Inc., 857 F.2d 1176, 1176-77 (7th Cir. 1988) (per curiam) (denying petition for rehearing).

Those cases pre-date the adoption of the 1993 wording in Rule 3(c)(1)(A) (quoted above) which controls this appeal; but they marked the trend that was codified in 1993. A bit of background may be useful. In Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988), one of the appellants-- unnamed in the body of the notice--was referenced in the caption only by the "et al." that followed the name of another party. The Supreme Court held that appellate jurisdiction was lacking: "The specificity requirement[] of Rule 3(c) is met only by some designation that gives fair notice of the specific individual or entity seeking to

6

appeal." Torres, 487 U.S. at 318. Some ensuing decisions found it sufficient to list a party in the caption if that party's "intent to appeal . . . was manifest from a reading of the body of the notice of appeal and the caption." Mariani-Giron v. Acevedo-Ruiz, 877 F.2d 1114, 1116 (1st Cir. 1989) (collecting cases); accord Minority Employees, 901 F.2d at 1336 (holding that a notice of appeal is insufficient when the caption is "inconsistent with the body of the notice," because "any ambiguity" between the caption and the body "will defeat the notice"). But litigation persisted over various permutations of the facts in Torres.[1] The Advisory Committee Notes explain that "[t]he [1993] amendment is intended to reduce the amount of [such] satellite litigation."

In this light, the reference in Rule 3(c)(1)(A) to "naming [the party] in the caption" is best understood to mean that the notice of appeal is sufficient even if the party taking the appeal is named nowhere but in the caption if--and only if--it is manifest from the notice as a whole that the party wishes to appeal. The notice of appeal then

---

[1] One example of the litigation spawned by Torres was whether an appellate court had jurisdiction over a plaintiff not listed in a caption when the body of the notice stated that "plaintiffs," "the plaintiffs," or "all plaintiffs" appealed. See, e.g., Minority Employees, 901 F.2d at 1335.

7

meets the requisite of "specify[ing] the party or parties taking the appeal."[2] Fed. R. App. P. 3(c)(1)(A).

Our holding finds additional support in the text of Rule 3(c): "An appeal must not be dismissed . . . for failure to name a party *whose intent to appeal is otherwise clear from the notice.*" Fed. R. App. P. 3(c)(4) (emphasis added). The Advisory Notes for the 1993 Amendment to Rule 3(c) explain: "The test established by the rule for determining whether . . . designations are sufficient is *whether it is objectively clear that a party intended to appeal*," (emphasis added). The appeal notice may suffice if it is clear that each of the eleven living individual defendants listed in the caption of the notice--including those against whom all claims had been dismissed--intended to appeal.[3] On the other hand, it would plainly fail "[t]he test established by the rule" for a party to be listed in

---

[2] So, for example, Rule 3(c)(1)(A) permits "an attorney representing more than one party [to] describe those parties with such terms as 'all plaintiffs,' 'the defendants,' 'the plaintiffs A, B, et al.,' or 'all defendants except X'" because, under such circumstances, it would be unambiguous which parties seek to appeal.

[3] A party who claims immunity but prevails in district court on a ground that may subject him to defending an appeal after final judgment might have an interest in appealing the denial of immunity at the outset. The ability to bring such an appeal is an issue that might be reached if the eight defendants were appealing; that is what we do not know.

only the caption if the body of the notice leaves uncertainty as to whether that party is appealing. That is the case here: The three defendants against whom claims remain are among the parties listed in the caption, but the body of the notice states that someone else is appealing the district court's order.

Our holding is also consistent with the purpose of the specificity requirement of Rule 3(c): "to provide notice both to the opposition and to the court of the identity of the appellant or appellants." Torres, 487 U.S. at 318; accord Baylis, 906 F.2d at 877; Cotton v. U.S. Pipe & Foundry Co., 856 F.2d 158, 162 (11th Cir. 1988). Although Torres construed the Rule before the 1993 Amendment, Torres and the post-Amendment Rule both "require[] that the notice of appeal make clear in *some fashion* the identity of each party desiring to join the appeal." Twenty Mile Joint Venture, PND, Ltd. v. Comm'r of Internal Revenue, 200 F.3d 1268, 1274 (11th Cir. 1999).

It could be argued that, since the notice requirement rules "should be liberally construed," Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004), the specificity requirement of Rule 3(c)(1)(A) should be deemed satisfied if the party taking the appeal is listed in the caption regardless of body of the notice of appeal. We disagree.

9

Such a construction would not ensure that "it is objectively clear" which party or parties "intended to appeal." See Fed. R. App. P. 3 advisory committee's notes to 1993 Amendments. That would undermine the purpose of the Rule: to inform the opposition and the courts of who is appealing. Torres, 487 U.S. at 318. And it would leave uncertain which parties have waived arguments that are not made, and which parties are bound by the result on appeal.

The statement in the text of the notice--that the appeal concerns the district court's order "to the extent that the Court denied defendants' motion to dismiss the claims against the individual defendants on the grounds of qualified immunity"--may give reasonable grounds for concluding that only the individual defendants have an interest in appealing. It does not, however, resolve the ambiguity about whether appeal is sought by all eleven individual defendants still living, considering that eight of them achieved dismissal on other grounds. And if it should transpire in the future that it was error to dismiss the claims against them, it is not clear whether they would be bound by any decision we issued in this appeal with respect to their entitlement to qualified immunity. Thus, the notice fails to meet the basic requirement of informing the court and the opposition of who is taking the appeal.

10

Finally, the amended notice of appeal does not fix the problem.  The amended notice was filed after the time to appeal had run.  <u>See</u> Fed. R. App. P. 4(a)(1)(A).  Defendants did not seek an extension of time to amend and correct the notice of appeal, Fed. R. App. P. 4(a)(5), and, the time to do so has long since passed, Fed. R. App. P. 4(a)(5)(C).

* * *

Because the notice of appeal did not specify which defendants were taking an appeal of the district court's decision, we lack jurisdiction to consider their appeal. <u>Torres</u>, at 314-15, 317.

**CONCLUSION**

Accordingly, the appeal is dismissed for lack of appellate jurisdiction.

11