11-5420-cv
Galindo v. Instalaciones de Tendidos Telefonicos, S.A.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of January, two thousand thirteen.

PRESENT:   PIERRE N. LEVAL,
                    REENA RAGGI,
                              *Circuit Judges*,
                    KENNETH M. KARAS,
                              *District Judge*.[*]

---------------------------------------------------------------------------------

MARCELINO ALBUQUERQUE GALINDO, MUSP SERVICOS DE LOCACAO, LTDA.,

> *Consolidated Plaintiffs-Consolidated Counter Defendants-Cross Claimants-Appellants*,

ITETE BRASIL INSTALACOES TELEFONICAS LTD.,

> *Defendant-Consolidated Third Party Defendant-Cross Defendant-Cross Claimant-Appellant*,

                    v.                                          No. 11-5420-cv

INSTALACIONES DE TENDIDOS TELEFONICOS, S.A.,

> *Consolidated Third Party Defendant-Interpleader Plaintiff-Appellee,*

---

[*] The Honorable Kenneth M. Karas, of the United States District Court for the Southern District of New York, sitting by designation.

INSTALACIONES DE TELEFONOS, S.A.,

> *Defendant-Cross Claimant-Cross Defendant,*

UBS INTERNATIONAL INC., UBS FINANCIAL SERVICES INC.,

> *Consolidated Defendants- Consolidated Counter Claimants- Consolidated Third Party Plaintiffs- Interpleader Plaintiffs.*[**]

--------------------------------------------------------------------------------

APPEARING FOR APPELLANTS:    JOHN P. GLEASON, Gleason & Koatz, LLP, New York, New York.

APPEARING FOR APPELLEE:    JOHN DELLAPORTAS (Rachael G. Pontikes, Kevin Potere, *on the brief*), Duane Morris LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*; James C. Francis IV, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on December 5, 2011, is AFFIRMED.

In this interpleader action, appellants Marcelino Albuquerque Galindo ("Albuquerque"), MUSP Servicos de Locacao, Ltda. ("MUSP" and together with Albuquerque, "MUSP Appellants"), and Itete Brasil Instalacoes Telefonicas Ltd. ("Itete Brasil") challenge an award of summary judgment in favor of appellee Instalaciones de Tendidos Telefonicos, S.A. ("Itete Spain") on claims to funds deposited with the court by UBS International Inc. and UBS Financial Services Inc. We assume the parties' familiarity

---

[**]The Clerk of Court is directed to amend the official caption as shown above.

2

with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Jurisdiction

As an initial matter, we agree with Itete Spain that we lack jurisdiction over Itete Brasil's appeal. Although the caption of the initial timely notice of appeal references Itete Brasil, the body states only that Albuquerque and MUSP intend to appeal, omitting any reference to Itete Brasil. This is insufficient to confer jurisdiction on this court to hear an appeal by Itete Brasil. See Gusler v. City of Long Beach, 700 F.3d 646, 648–650 (2d Cir. 2012) (holding notice of appeal that mentioned party in caption, but identified different party as appealing in body, insufficient to confer jurisdiction under Fed. R. App. P. 3(c)(1)(A)). Insofar as the "first amended notice of appeal" clearly expresses Itete Brasil's intent to appeal, that notice cannot confer jurisdiction over Itete Brasil's appeal as it was untimely, having been filed more than 30 days after entry of judgment, and over 14 days after MUSP Appellants' initial notice of appeal. See Fed. R. App. P. 4(a)(1)(A), (a)(3). In sum, because Itete Brasil failed to comply with the requirements of Fed. R. App. P. 3 and 4, which are jurisdictional and may not be waived, see Torres v. Oakland Scavenger Co., 487 U.S. 312, 317 (1988), Itete Brasil's appeal is dismissed for lack of jurisdiction.[1]

---

[1] In any event, even if we had jurisdiction over Itete Brasil's appeal, we would affirm the district court's dismissal of its claims and defenses, in light of Itete Brasil's willful and repeated violations of the district court's discovery orders over a sustained time period. See Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009).

2.      Discovery Sanctions

MUSP Appellants contend that the district court abused its discretion when, in response to their continued violations of discovery orders, the court precluded them from arguing that they advanced $1 million on behalf of Itete Brasil.  In evaluating a district court's exercise of its discretion to sanction a party for discovery abuses under Fed. R. Civ. P. 37, we consider "(1) the willfulness of the non-compliant party or the reason for non-compliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (ellipsis in original; internal quotation marks omitted).  Here, these factors all weigh against MUSP Appellants.  After Albuquerque testified under oath to the existence of documents relevant to MUSP Appellants' contention that they advanced $1 million on behalf of Itete Brasil, MUSP Appellants failed to produce those documents in response to Itete Spain's March 9, 2010 requests.  During the next year, MUSP Appellants willfully ignored repeated court orders to produce relevant documents, despite being warned that failure to comply would result in potentially case-dispositive sanctions, specifically dismissal. Despite MUSP Appellants' continued obstructive conduct, the district court nevertheless did not immediately impose the severe sanction of dismissal, electing instead to order preclusion of the argument to which the withheld discovery most directly pertained. In the circumstances presented, we conclude that the district court acted well within its discretion in imposing that sanction.  See Agiwal v. Mid Island Mortg. Corp., 555 F.3d at 303; Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1366–67 (2d Cir. 1991).

3.    Summary Judgment

MUSP Appellants argue that it was "unreasonable" for the district court to grant summary judgment in favor of Itete Spain, due to MUSP Appellants' "inconsequential omission of the [Local] Rule 56.1 Statement." Appellants Br. 14. On de novo review of the summary judgment award, see Paneccasio v. Unisource Worldwide, Inc., 532 F.3d 101, 107 (2d Cir. 2008), we conclude that the argument fails because the MUSP Appellants' failure to submit a Rule 56.1 statement was far from "inconsequential." Rather, it permitted the district court to assume the truth of Itete Spain's uncontroverted Rule 56.1 statement indicating that Albuquerque was not entitled to receive dividends from Itete Spain. See T.Y. v. N.Y.C. Dep't of Educ., 584 F.3d 412, 418 (2d Cir. 2009). MUSP Appellants have pointed to no admissible evidence raising a genuine issue of material fact regarding Albuquerque's entitlement to dividends. Accordingly, summary judgment was appropriate.

We have considered appellants' remaining arguments and conclude that they are without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court