14-781-cv
Cohen v. UBS Financial Services, Inc.

# UNITED STATES COURT OF APPEALS

# FOR THE SECOND CIRCUIT

August Term, 2014

(Argued: January 30, 2015     Decided: June 30, 2015)

Docket No. 14-781-cv

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ELIOT COHEN, on behalf of himself and
all others similarly situated,

Plaintiff-Appellant,

DAVID HALE, CHARLES SHOEMAKER, on behalf
of themselves and all others similarly
situated, PHILIP RICASATA, STAN SKLENAR,

Plaintiffs,

- v.-

UBS FINANCIAL SERVICES, INC., UBS AG,

Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Before:             JACOBS, WESLEY, and CARNEY, Circuit Judges.

Eliot Cohen appeals from the order of the United States District Court for the Southern District of New York (Jones, J.), granting defendants' motion to compel arbitration before the Financial Industry Regulatory Authority ("FINRA"), and from the subsequent order of the district court (Schofield, J.), denying his motion for reconsideration. We hold that Rule 13204 of the FINRA Code of Arbitration Procedure for Industry Disputes does not forbid FINRA members from enforcing pre-dispute waivers of class and collective action procedures, and that Cohen's individual claims are arbitrable before FINRA. We further hold that any claim Cohen may assert under California's Labor Code Private Attorneys General Act ("PAGA") is time-barred.

Affirmed.

ALEXANDER H. SCHMIDT (Jeffrey G. Smith, Robert Abrams, and Matthew M. Guiney, on the brief), Wolf Haldenstein Adler Freeman & Herz LLP, New York, New York, for Plaintiff-Appellant.

MARK A. PERRY (Eugene Scalia, Paul Blankenstein, and Rachel E. Mondl, on the brief), Gibson, Dunn & Crutcher LLP, Washington, D.C., for Defendants-Appellees.

DENNIS JACOBS, Circuit Judge:

Eliot Cohen, a financial advisor employed by UBS Financial Services, Inc. ("UBS"), consented by contract to arbitrate "claims concerning compensation, benefits or other terms or conditions of employment" before the Financial Industry Regulatory Authority ("FINRA"), and to waive "any right to commence, be a party to or an actual or putative class member of any class or collective action arising out of or relating to [his] employment with UBS."

Cohen nevertheless initiated a putative class and collective action against UBS, asserting wage-and-hour claims under the Fair Labor Standards Act ("FLSA") and California law, including claims under California's Labor Code Private Attorneys General Act ("PAGA"). UBS moved to stay the action and compel arbitration. Without disputing that the arbitration agreement covered his claims, Cohen argued that enforcement of it was barred by Rule 13204 of the FINRA Code of Arbitration Procedure for Industry Disputes ("Industry Code"). The district court granted UBS's motion and denied Cohen's motion for reconsideration.

On appeal, Cohen argues that Rule 13204 must be treated as a "contrary congressional command" that overrides the enforceability of the arbitration

3

agreement under the Federal Arbitration Act ("FAA").  See CompuCredit Corp.

v. Greenwood, 132 S. Ct. 665, 669 (2012) (internal quotation marks omitted).  We

need not consider whether Rule 13204 is a "congressional" command because we

conclude that it is not "contrary."  The Rule does not prohibit a pre-dispute

waiver of class and collective action procedures, and permits FINRA arbitration

of individual wage-and-hour claims.

Cohen argues that, under California law, his PAGA claims cannot be

arbitrated.  See Iskanian v. CLS Transp. Los Angeles, LLC, 327 P.3d 129, 145 (Cal.

2014), cert. denied, 135 S. Ct. 1155 (2015).  We need not consider that argument

because Cohen's PAGA claims are in any event time-barred.

We affirm.


**BACKGROUND**

The decisive facts are undisputed.

Cohen, a resident of California, was employed by UBS as a financial

advisor.  He entered into a contract (the "Compensation Plan"), which provided

as follows:

> [Y]ou and UBS agree that any disputes between you and UBS
> including claims concerning compensation, benefits or other

4

terms or conditions of employment . . . including but not limited to, claims arising under the *Fair Labor Standards Act* . . . , or any other federal, state or local employment . . . laws, rules or regulations, including wage and hour laws, *will be determined by arbitration* as authorized and governed by the arbitration law of the state of New York. Any such arbitration will be *conducted under the auspices and rules of [FINRA]*. . . . By agreeing to the terms of this Compensation Plan, *you waive any right to commence, be a party to or an actual or putative class member of any class or collective action* arising out of or relating to your employment with UBS.

A. 48 (emphases added).[1]

FINRA is a self-regulatory organization that (among other things) sponsors an arbitration forum. <u>See generally</u> Securities and Exchange Commission Release No. 34–56145, 72 Fed. Reg. 42169, 42188-89 (Aug. 1, 2007). Use of that forum to adjudicate disputes between FINRA members and "associated persons" is governed by the Code of Arbitration Procedure for Industry Disputes ("Industry Code"). <u>See</u> FINRA Rule 13200(a). UBS is a FINRA member, and Cohen (a financial advisor registered with FINRA) is an associated person. <u>See</u> FINRA Rule 13100(a), (o), (r).

---

[1] The 2007 version of the Compensation Plan provided for arbitration before the National Association of Securities Dealers, Inc., or, in the alternative, the regulatory arm of the New York Stock Exchange. Those entities merged to form FINRA in 2007; later versions of the Compensation Plan were amended to reflect that merger.

In 2011, Cohen sued UBS and its parent company, UBS AG, in the United States District Court for the Central District of California, asserting wage-and-hour claims under the FLSA and California state law. The case was transferred to the Southern District of New York, and the complaint was amended to add plaintiffs, each of whom had also entered into the Compensation Plan.

Following amendments, the operative complaint alleged: (1) an FLSA overtime claim on behalf of a putative nationwide collective of current and former UBS financial advisors, see 29 U.S.C. § 216(b), and (2) claims under the California Labor Code ("CLC") and the California Unfair Competition Law on behalf of a putative California-wide Rule 23 class, see Fed. R. Civ. P. 23. The CLC claims sought civil penalties under California's Labor Code Private Attorneys General Act ("PAGA"). See Cal. Lab. Code § 2699 (permitting "aggrieved employee[s]" to bring claims for civil penalties on behalf of state labor regulators).

The defendants moved to stay the case and compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 2 et seq., arguing that the claims were covered by the arbitration agreements executed by each of the plaintiffs. In opposition, the plaintiffs argued that Rule 13204 of the Industry Code prohibited

6

UBS from enforcing those arbitration agreements during the pendency of a putative class or collective action.[2] The district court (Jones, J.) granted the defendants' motion and stayed the case pending FINRA arbitration. The plaintiffs' motion for reconsideration was denied (Schofield, J.).

To facilitate appeal, the parties agreed to dismissal of the case with prejudice and stipulated that the plaintiffs would not pursue FINRA arbitration. See 9 U.S.C. § 16. Cohen then appealed the district court orders compelling arbitration and denying reconsideration.[3]

---

[2] The plaintiffs also advanced arguments drawn from this circuit's Amex cases, see In re Am. Express Merchants' Litig., 667 F.3d 204, 206 (2d Cir. 2012), which the Supreme Court reversed, Am. Express Co. v. Italian Colors Rest., 133 S. Ct. 2304 (2013). Cohen does not press those arguments on appeal.

[3] We reject Cohen's assertion that the other named plaintiffs below joined his appeal. The caption on the notice of appeal lists "Eliot Cohen, et al." as "Plaintiffs," and the body of that notice states that the appeal was brought by "Eliot Cohen, plaintiff in the above-captioned action . . . , on behalf of himself and all others similarly situated." A. 195. This sufficed to give notice that Cohen was appealing individually and as a class representative, Fed. R. App. P. 3(c)(3), but did not clearly express any other *named* plaintiff's intent to join the appeal, id. 3(c)(4). Torres v. Oakland Scavenger Co., 487 U.S. 312, 318 (1988); see also Gusler v. City of Long Beach, 700 F.3d 646, 650 (2d Cir. 2012).

## DISCUSSION

We review <u>de novo</u> the grant of a motion to compel arbitration, <u>Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel</u>, 346 F.3d 360, 364 (2d Cir. 2003); denial of a motion for reconsideration is reviewed for abuse of discretion, <u>RJE Corp. v. Northville Indus. Corp.</u>, 329 F.3d 310, 316 (2d Cir. 2003).

## I

Under the FAA, "[a] written provision in . . . a contract . . . to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  Courts may compel arbitration of "only those disputes . . . that the parties have agreed to submit," <u>Granite Rock Co. v. Int'l Bhd. of Teamsters</u>, 561 U.S. 287, 302 (2010) (internal quotation marks omitted), and "as with any other contract, the parties' intentions control," <u>Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.</u>, 559 U.S. 662, 682 (2010) (internal quotation marks omitted).  If the parties intended to arbitrate a dispute, courts are generally required to "enforce [such] agreements . . . according to their terms." <u>CompuCredit Corp. v. Greenwood</u>, 132 S. Ct. 665, 669 (2012).  However,

8

enforceability can be "overridden by a contrary congressional command." Id.

(internal quotation marks omitted).

Cohen does not dispute that he entered into an arbitration agreement that

covers all of his claims; nor does he dispute that he consented to "waive any right

to commence, be a party to or an actual or putative class member of any class or

collective action."[4]  His argument is that Rule 13204 of the FINRA Industry Code

is a "contrary congressional command" that bars UBS from enforcing the

arbitration agreement and his waiver of class and collective action procedures.

Cohen must therefore establish both that enforcement of the arbitration

clause (including the class and collective action waivers) would be "contrary" to

Rule 13204, and that Rule 13204 qualifies as a "congressional" command.

CompuCredit, 132 S. Ct. at 669.  We reject the first premise and need not reach

the second.

---

[4]  This case is thus distinguishable from Lloyd v. J.P. Morgan Chase & Co., ---
F.3d --- (2d Cir. 2015).  In Lloyd, the parties disputed whether the arbitration
clause, which incorporated Rule 13204, covered the plaintiffs' claims.  --- F.3d at
---.  Here, Cohen is invoking Rule 13204 to bar the enforcement of an arbitration
clause that he admits covers his claims.  Furthermore, the Lloyd agreement did
not contain a waiver of the right to bring class or collective action claims in court;
the plaintiffs in that case waived only class and collective arbitration.

9

## II

Enforcement of the UBS Compensation Plan would not be "contrary" to

Rule 13204 because the Rule bars neither the enforcement of pre-dispute waivers

of class and collective action procedures nor the arbitration of Cohen's individual

claims.

## A

Rule 13204 says nothing about class action and collective action waivers,

and cannot be read to bar enforcement of them. True, the Rule bars arbitration of

a claim so long as it is embedded in a class action or collective action; but it does

not preserve the right to assert a claim in class or collective form notwithstanding

a contractual waiver. Section (a) of the Rule, which governs class actions,

provides in relevant part:

> (a) Class Actions
>
> (1) Class action claims may not be arbitrated under the Code.
>
> (2) Any claim that is based upon the same facts and law, and involves the same defendants as in a court-certified class action or a putative class action, or that is ordered by a court for class-wide arbitration at a forum not sponsored by a self-regulatory organization, shall not be arbitrated under the Code, unless the party bringing the claim files with FINRA

one of the following: [a notice of non-participation or withdrawal from the class].

. . .

(4) A member or associated person may not enforce any arbitration agreement against a member of a certified or putative class action with respect to any claim that is the subject of the certified or putative class action until:

- The class certification is denied;

- The class is decertified;

- The member of the certified or putative class is excluded from the class by the court; or

- The member of the certified or putative class elects not to participate in the class or withdraws from the class according to conditions set by the court, if any.

FINRA Rule 13204. Section (b) sets forth nearly identical provisions as to

collective action claims:

(b) Collective Actions

(1) Collective action claims under the Fair Labor Standards Act . . . may not be arbitrated under the Code.

(2) Any claim that involves plaintiffs who are similarly-situated against the same defendants as in a court-certified collective action or a putative collective action, or that is ordered by a court for collective action at a forum not sponsored by a self-regulatory organization, shall not be

11

arbitrated under the Code, if the party bringing the claim has opted-in to the collective action.

. . .

(4) A member or associated person may not enforce an agreement to arbitrate in this forum against a member of a certified or putative collective action with respect to any claim that is the subject of the certified or putative collective action until the collective action certification is denied or the collective action is decertified.

These subparagraphs [(a) and (b)] do not otherwise affect the enforceability of any rights under the Code or any other agreement.

Id.[5]

Subsections (a)(1) and (b)(1) have no application here. They make the FINRA arbitration forum unavailable for class and collective action claims; but UBS does not seek to compel class or collective arbitration of Cohen's claims. Subsections (a)(2) and (b)(2) are likewise inapplicable. They bar FINRA arbitration of claims that are the subject of parallel proceedings in judicial or other (i.e. non-FINRA) arbitral fora. Here, there is no risk of duplicative proceedings: UBS seeks FINRA arbitration *in lieu of* federal litigation.

---

[5] The current version of Rule 13204 took effect in 2012; an earlier version did not explicitly cover collective actions. See FINRA Regulatory Notice 12-28. Neither version bars enforcement of the arbitration agreement in this case.

Cohen rests entirely on subsections (a)(4) and (b)(4), which bar the enforcement of arbitration agreements under certain circumstances. He contends that these subsections render unenforceable the agreement to arbitrate *and* the class and collective action waivers.

Cohen conflates an agreement to arbitrate with a waiver of the right to assert claims in class or collective form. Subsections (a)(4) and (b)(4) bar the enforcement of arbitration agreements under certain circumstances; but neither subsection has anything to say about the enforceability of the waivers. Although such waivers are often found in arbitration agreements (and are so incorporated in this case), the two contract terms are conceptually distinct.[6] A class or collective action waiver is a promise to forgo certain procedural mechanisms *in court*. See Italian Colors, 133 S. Ct. at 2309; Sutherland v. Ernst & Young LLP, 726 F.3d 290, 297 & n.6 (2d Cir. 2013). An agreement to arbitrate, on the other hand, is a promise to have a dispute heard in some forum *other than a court*. Rule 13204 restricts the latter, but not the former. As the FINRA Board of Governors has

---

[6] At oral argument, Cohen's counsel suggested that, under *state* law, class and collective action waivers are enforceable only when incorporated into an arbitration agreement. We decline to consider this argument, which was not raised in Cohen's appellate briefs. Allianz Ins. Co. v. Lerner, 416 F.3d 109, 114 (2d Cir. 2005).

observed, "there are no restrictions upon firms regarding the content of predispute arbitration agreements with employees." In re Dep't of Enforcement v. Charles Schwab & Co., No. 2011029760201, 2014 WL 1665738, at *8 (FINRA Bd. of Governors Apr. 24, 2014).

Cohen argues that subsection (a)(4)'s use of the word "withdraws" implies that class and collective action waivers are enforceable only when made *after* a dispute arises, and that *pre*-dispute waivers are unenforceable. However, the Rule also provides that parties in Cohen's position may "elect[]" not to participate in a class and collective action; clearly, one may "elect" to forgo a procedural right before a dispute arises.[7] Next, Cohen relies on a 2012 FINRA guidance letter stating that "any language in a member firm's employment agreement that requires employees to waive their right to file or participate in a collective action against a member firm in any other fora is contrary to the provisions of the Industry Code." Add. 42. But the Board of Governors expressed the contrary view in Schwab. So whatever deference that letter may

---

[7] Similarly, one may "select" a forum or "choose" a jurisdiction's law in advance of any litigation.

have elicited when it was issued, <u>see</u> <u>Gomez v. Brill Sec., Inc.</u>, No. 10 Civ. 3503 (JSR), 2010 WL 4455827, at *1 (S.D.N.Y. Nov. 2, 2010), it is entitled to none now.

\* \* \*

For the foregoing reasons, we conclude that Rule 13204 does not prohibit the enforcement of pre-dispute waivers of class and collective action procedures.

**B**

Because Cohen waived the right to bring his claims on a class or collective basis (and because those waivers are enforceable), only his individual claims remain. Rule 13204 presents no barrier to the arbitration of those individual claims, which are clearly covered by the arbitration agreement. Under the FAA, that agreement can--and therefore must--be enforced. 9 U.S.C. § 2.

**III**

Finally, Cohen argues that, even if his other claims must be arbitrated, California law bars the arbitration of his PAGA claims. Since Cohen concedes that his claims under PAGA are untimely, we need not decide whether this doctrine of California law is consistent with the FAA. <u>See</u> <u>Iskanian v. CLS Transp. Los Angeles, LLC</u>, 327 P.3d 129, 145 (Cal. 2014), <u>cert. denied</u>, 135 S. Ct.

15

1155 (2015).  Cohen asserts that one of the plaintiffs below--Charles Shoemaker--had timely PAGA claims; but Shoemaker has not joined this appeal.  <u>See</u> <u>supra</u> footnote 3.  Accordingly, we lack jurisdiction to consider any appellate argument he may have had.  <u>See</u> <u>Gusler</u>, 700 F.3d at 648-49.

## CONCLUSION

For the foregoing reasons, the orders of the district court are affirmed.