16-857-cv
Worthy-Pugh v. Deutsche Bank National Trust Company

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of October, two thousand sixteen.

PRESENT:   JON O. NEWMAN,
                     GERARD E. LYNCH,
                     CHRISTOPHER F. DRONEY
                              *Circuit Judges*,

-----------------------------------------------------------------------

LAQUISHA WORTHY-PUGH,

                              *Plaintiff-Appellant*,

ANTHONY PUGH,

                              *Plaintiff*,

                     v.                                              No.    16-857-cv

DEUTSCHE BANK NATIONAL TRUST COMPANY,

                              *Defendant-Appellee*.

-----------------------------------------------------------------------

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | LaQuisha Worthy-Pugh, *pro se*, Windsor, CT. |
| FOR DEFENDANT-APPELLEE: | Jordan W. Schur, Houser & Allison, APC, Westport, CT. |

1

Appeal from the February 5, 2016 judgment of the United States District Court for the District of Connecticut (Thompson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant LaQuisha Worthy-Pugh, proceeding *pro se*, appeals from the district court's judgment dismissing her claims against Deutsche Bank National Trust Company ("Deutsche Bank"): (I) that the Connecticut Superior Court's prior judgment of strict foreclosure was void *ab initio*, (II) for extrinsic fraud, (III) for theft of funds, (IV) for intentional infliction of emotional distress, (V) to quiet title, and (VI) for slander of title. She also appeals from the district court's subsequent order denying reconsideration of that decision. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction over claims that effectively seek review of state court judgments. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–87 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415–16 (1923). A claim is barred under the *Rooker-Feldman* doctrine when: "(1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced." *McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010). We review *de novo* a district court's dismissal for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009).

Claims I, V, and VI are barred by the *Rooker-Feldman* doctrine. A Connecticut state court issued a strict foreclosure judgment against Worthy-Pugh. Claims I, V, and VI challenge this judgment and effectively request that the federal district court rule that the judgment was void. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) (applying the *Rooker-Feldman* doctrine where the plaintiff asked the federal court "to review the state proceedings and determine that the foreclosure judgment was issued in error"). Worthy-Pugh's argument that the judgment was void because it was obtained through a fraudulent scheme to interfere with the judicial process does not defeat application of *Rooker-Feldman*. *See id.* ("To the extent [plaintiff] asks the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently, *Rooker-Feldman* bars [his] claim."). The district court lacked jurisdiction to invalidate the foreclosure judgment.

The *Rooker-Feldman* doctrine does not prevent a district court from reviewing a claim for damages stemming from an allegedly fraudulent foreclosure judgment, because the district court can determine damages liability without reviewing the propriety of the state court judgment. *See id.* at 427–28 (stating that the plaintiff's complaint was not

2

barred by *Rooker-Feldman* to the extent that he sought damages from the defendants for injuries suffered from the alleged mortgage-foreclosure fraud). Claim II can be liberally construed as asserting a fraud claim seeking damages. Therefore, Worthy-Pugh is correct that the *Rooker-Feldman* doctrine did not deprive the district court of jurisdiction over this claim.

However, the district court properly dismissed Claim II on the alternate ground of res judicata. We review *de novo* a district court's application of res judicata principles. *Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 126 F.3d 365, 368 (2d Cir. 1997). When applying the doctrine of res judicata, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *see also O'Connor v. Pierson*, 568 F.3d 64, 69 (2d Cir. 2009). Under Connecticut state law, a prior action bars subsequent litigation between the same parties arising from the same subject matter, provided the precluded party had an adequate opportunity to litigate in the prior proceeding. *O'Connor*, 568 F.3d at 69. A party has not had an adequate opportunity to litigate a claim if "the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground or, having jurisdiction, would clearly have declined to exercise it as a matter of discretion." *Id.* at 71 (quoting *Connecticut Nat'l Bank v. Rytman*, 694 A.2d 1246, 1257 (Conn. 1997)); *see also id.* at 69 ("Claim preclusion prevents the pursuit of any claims relating to the cause of action which were actually made or might have been made." (quoting *Joe's Pizza, Inc. v. Aetna Life & Cas. Co.*, 675 A.2d 441, 446 (Conn. 1996)). Connecticut state law permits a defendant in a strict foreclosure action to present counterclaims for damages based on alleged mortgage fraud. *See Morgera v. Chiappardi*, 813 A.2d 89, 92, 100 (Conn. App. 2003). Thus, the district court properly determined that res judicata barred Worthy-Pugh's mortgage-fraud claim, because she had the opportunity to litigate that claim in her prior state court action. Contrary to Worthy-Pugh's contention, neither her reliance on "extrinsic fraud" nor the "newly discovered evidence" that purportedly bolstered her fraud claim affected the res judicata analysis and she cites to no authority suggesting otherwise.

Worthy-Pugh's challenge to the dismissal of her intentional infliction of emotional distress claim also lacks merit. To state a claim for intentional infliction of emotional distress, a plaintiff must allege "(1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." *Watts v. Chittenden*, 22 A.3d 1214, 1221 (Conn. 2011). To trigger liability, the alleged conduct must "exceed[] all bounds usually tolerated by decent society," *Appleton v. Bd. of Educ. of Town of Stonington*, 757 A.2d 1059, 1062 (Conn. 2000) (internal quotation marks omitted), and the emotional distress "must be so severe that no reasonable person could be expected to endure it," *Squeo v.*

3

*Norwalk Hosp. Ass'n*, 113 A.3d 932, 957 (Conn. 2015). We review dismissal for failure to state a claim *de novo*, accepting as true all facts alleged in the complaint and drawing all inferences in favor of the plaintiff. *Concord Assocs., L.P. v. Entm't Prop. Tr.*, 817 F.3d 46, 52 (2d Cir. 2016). Here, even accepting the allegations in the complaint as true, Worthy-Pugh has failed to allege emotional distress that was sufficiently severe to trigger liability. *See Squeo*, 113 A.3d at 951 n.15; *Appleton*, 254 Conn. at 210–12.[1]

Finally, though Worthy-Pugh states in her notice of appeal that she is challenging the denial of reconsideration by the district court, she raises no specific arguments concerning that denial. In any event, because dismissal was warranted, the district court did not abuse its discretion in denying reconsideration. *See Cohen v. UBS Fin. Servs., Inc.*, 799 F.3d 174, 177 (2d Cir. 2015) ("[D]enial of a motion for reconsideration is reviewed for abuse of discretion.").

We have considered Worthy-Pugh's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

---

[1] In addition, Worthy-Pugh raises no arguments on appeal challenging the district court's dismissal of her theft-of-funds claim. We therefore affirm the district court's dismissal of that claim. *United States v. Joyner*, 313 F.3d 40, 44 (2d Cir. 2002) ("It is well established that an argument not raised on appeal is deemed abandoned and lost").