15-2490-cv
Grezak v. Grezak

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand sixteen.

PRESENT:  PIERRE N. LEVAL,
            ROBERT D. SACK,
            REENA RAGGI,
                *Circuit Judges.*

-----------------------------------------------------------------------

GRAZYNA GREZAK,
               *Plaintiff-Appellant*,

         v.                                      No. 15-2490-cv

EVELINA GREZAK,
               *Defendant-Appellee*,

NANCY RUBENSTEIN,
               *Defendant*.

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:     GRAZYNA SKLODOWSKA-GREZAK, *pro se*, Cresco, Pennsylvania.

APPEARING FOR APPELLEE:     MATTHEW R. SHAPIRO (Beth C. Finkelstein, *on the brief*), Ropes & Gray LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Raymond J. Dearie, *Judge*; Cheryl L. Pollak, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the July 10, 2015 judgment of the district court is AFFIRMED.

Plaintiff Grazyna Grezak appeals from a judgment denying reconsideration of the magistrate judge's May 15, 2015 order imposing a leave-to-file sanction. That order bars Grezak from (1) filing new claims in the Eastern District of New York against her daughter, appellee Evelina Grezak, and (2) alleging breach of her settlement agreement with appellee, without first obtaining leave from the magistrate judge. Grezak argues that she was entitled to reconsideration because sanctions were imposed without affording her the notice and opportunity to respond to Evelina's motion for sanctions required by due process. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

We review both the imposition of a leave-to-file sanction and the denial of a motion for reconsideration for abuse of discretion, see, e.g., Wilson v. Citigroup, N.A., 702 F.3d 720, 723 (2d Cir. 2012) (sanction); Cohen v. UBS Fin. Servs., Inc., 799 F.3d 174, 177 (2d Cir. 2015) (reconsideration), which we will identify only when a court's decision rests on an error of law or clearly erroneous factual finding, or cannot otherwise "be located within the range of permissible decisions," Wolters Kluwer Fin. Servs., Inc. v. Scivantage, 564 F.3d 110, 113 (2d Cir. 2009) (internal quotation marks omitted). That is not this case.

2

The challenged sanction order did not take effect here until the district court denied Grezak's motion for reconsideration. See, e.g., Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (requiring notice and opportunity to be heard before imposition of leave-to-file sanction).[1] Thus, (1) the magistrate judge's May 15, 2015 order, in addition to the March 24, 2015 order directing the plaintiff to "cease filing duplicative motions in this action," S.A. 93, put Grezak on notice of the sanction, and (2) she was afforded a meaningful opportunity to be heard by the district court by virtue of her motion for reconsideration.

In denying reconsideration, moreover, the district court provided an ample factual basis for the leave-to-file sanction, noting the "stream of motions, requests, and diatribes" received by the court over the course of the litigation and even after settlement. Pl's App'x 37; see Iwachiw v. N.Y. State Dep't of Motor Vehicles, 396 F.3d at 528 (noting that among relevant factors are whether suits are "vexatious, harassing or duplicative" and whether litigant "has caused needless expense to other parties" (internal quotation marks

[1] Grezak does not here suggest that the magistrate judge exceeded her authority in imposing the challenged sanction and, thus, we have no reason to consider whether the district court was required to conduct de novo review (or, if so, whether it effectively did so). Compare Iwachiw v. N.Y. State Dep't of Motor Vehicles, 396 F.3d 525, 528–529 (2d Cir. 2005) (suggesting that leave-to-file sanction is a form of injunctive relief); 28 U.S.C. § 636(b)(1)(A) (excluding injunctive relief from pretrial matters that can be decided by magistrate judge subject to abuse-of-discretion review by district court), with International Prods. Corp. v. Coons, 325 F.2d 403, 406 (2d Cir. 1963) (noting for purposes of 28 U.S.C. § 1292(a)(1), immediately appealable orders are orders which "give or aid in giving some or all of the substantive relief sought by a complaint . . . and [do not include] restraints or directions in orders concerning the conduct of the parties or their counsel, unrelated to the substantive issues in the action, while awaiting trial"); Ronson Corp. v. Liquifin Aktiengesellschaft, 508 F.2d 399, 401 (2d Cir. 1974) (same); 9 J. Moore, Federal Practice P110.20(1), at 233 (2d ed. 1973) (same).

omitted)). Its conclusion that the sanction crafted by the magistrate judge was sufficiently narrowly tailored was not outside the "range of permissible decisions." Wolters Kluwer Fin. Servs., Inc. v. Scivantage, 564 F.3d at 113 (internal quotation marks omitted). Accordingly, we identify no abuse of discretion.[2]

We have reviewed Grezak's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Grezak's brief might be read to suggest that she is also appealing the district court's denial of reconsideration with respect to a second order, which involved, inter alia, the denial of sanctions sought by Grezak. Because that order is not mentioned in Grezak's statement of issues and no argument is ever developed, we deem any challenges to that court decision waived. See Norton v. Sam's Club, 145 F.3d 114, 117–18 (2d Cir. 1998).

4