16-843-cv
*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Oliver*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of February, two thousand seventeen.

Present:
> JOHN M. WALKER, JR.,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges,*
> VINCENT L. BRICCETTI,*
> > *District Judge.*

---

MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED A/K/A BANC OF AMERICA SECURITIES, LLC,

> *Plaintiff-Appellee,*

> v.                                                                            16-843-cv

MARC A. OLIVER,

> *Defendant-Appellant.*

---

For Plaintiff-Appellee:             Joseph C. O'Keefe, Pinchos N. Goldberg, Proskauer Rose LLP, Newark, New Jersey

For Defendant-Appellant:            Marc A. Oliver, pro se, Los Angeles, California

---

* Judge Vincent L. Briccetti, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Marc A. Oliver, proceeding pro se, appeals from a judgment enjoining his Financial Industry Regulatory Authority ("FINRA") arbitration and granting declaratory relief in favor of Plaintiff-Appellee Merrill Lynch, Pierce, Fenner & Smith Inc. ("Merrill Lynch"), the surviving entity of a merger with Oliver's former employer, Banc of America Securities, LLC ("BAS"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

BAS terminated Oliver's employment in 2004, after which BAS filed with the National Association of Securities Dealers, the predecessor of FINRA, a required Form U-5 Uniform Termination Notice for Securities Industry Registration, which stated that Oliver's separation was "involuntary" and "performance, non-securities related." Oliver sued for discrimination, and the parties subsequently entered into a settlement agreement. In 2015, Oliver initiated an arbitration proceeding with FINRA, claiming, inter alia, defamation and breach of the settlement agreement. Merrill Lynch responded by filing in district court to enjoin the arbitration and for declaratory judgment. On appeal from the district court's judgment in favor of Merrill Lynch, Oliver primarily argues that (1) the forum-selection clause in his settlement agreement with BAS is unenforceable because it impermissibly circumvents Merrill Lynch's obligation as a FINRA member to arbitrate disputes before FINRA, (2) the information in the Form U-5 was defamatory,

and (3) that same information violated the neutral-employment-reference provision of the settlement agreement. We address his arguments in turn.

Oliver first challenges the district court's order enjoining his FINRA arbitration. When reviewing an order granting a permanent injunction, "we review the district court's legal holdings de novo and its ultimate decision for abuse of discretion." *Goldman, Sachs & Co. v. Golden Empire Sch. Fin. Auth.*, 764 F.3d 210, 214 (2d Cir. 2014). "FINRA is an independent organization authorized by Congress to regulate the U.S. securities markets and professionals who sell securities in the United States." *Credit Suisse Sec. (USA) LLC v. Tracy*, 812 F.3d 249, 253 (2d Cir. 2016). In this role, FINRA "(among other things) sponsors an arbitration forum" for disputes related to U.S. securities markets. *Id.* (quoting *Cohen v. UBS Fin. Servs., Inc.*, 799 F.3d 174, 176 (2d Cir. 2015)). Our cases have recognized several instances where the arbitration provisions of a self-regulatory organization such as FINRA "may be overridden by more specific contractual terms." *Id*. at 254. Although Oliver correctly argues that FINRA Rule 13200, where applicable, generally obligates Merrill Lynch to arbitrate, where, as here, "a party initially consents . . . to arbitrate certain types of claims, but later enters into a settlement agreement that releases claims that had been subject to the initial consent to arbitrate, the claims that have been released by such a settlement are no longer subject to arbitration." *In re Am. Express Fin. Advisors Sec. Litig.*, 672 F.3d 113, 133 (2d Cir. 2011).

The settlement agreement here, which vested exclusive jurisdiction in the courts or agencies of New York and New York City and contained a merger clause stating that the agreement constituted the complete understanding of the parties and superseded any prior agreements, displaced any agreement on the part of Merrill Lynch under FINRA Rule 13200 to

arbitrate Oliver's claims.  *See Applied Energetics, Inc. v. NewOak Capital Mkts., LLC*, 645 F.3d 522, 524–26 (2d Cir. 2011).   Accordingly, the district court correctly concluded these claims not subject to FINRA arbitration.

Oliver next challenges statements in his Form U-5 as defamatory and as a breach of the settlement agreement.   We review a district court's grant of summary judgment, and its grant of declaratory relief, de novo.   *Spring Spectrum LP v. Conn. Siting Council*, 274 F.3d 674, 676 (2d Cir. 2001) (per curiam).   Through his settlement agreement with BAS, Oliver broadly released his claims against BAS or its successors arising from his employment or termination. Accordingly, the district court correctly concluded that the agreement released any claims based on the Form U-5—which contained the allegedly defamatory reason for the termination of Oliver's employment, and which his employer filed well before the execution of the settlement agreement.   *See Interpharm, Inc. v. Wells Fargo Bank, Nat'l Ass'n*, 655 F.3d 136, 142 (2d Cir. 2011) ("Under New York law, . . . 'a valid release constitutes a complete bar to an action on a claim which is the subject of the release.'" (quoting *Centro Empresarial Cempresa S.A. v. Am. Movil, S.A.B. de C.V.*, 17 N.Y.3d 269, 276 (2011))); *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 463 (2d Cir. 1998) ("Under New York law, a release that is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced.").

Additionally, Oliver argues that the statements in the Form U-5 were themselves a breach of the settlement agreement's neutral-employment-reference clause.   This claim is meritless. The clause to which Oliver refers specifically outlines the procedure by which BAS would neutral job references, which includes potential employers either calling or writing to BAS's Personnel Center.   Nothing in this clause or elsewhere in the agreement suggests that BAS was

4

under any further obligation to provide neutral employment references, including by amending Oliver's Form U-5.

We have considered Oliver's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk