*Harris v. TD Ameritrade Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ˢᵗ day of March, two thousand twenty-one.**

**PRESENT:**
> **AMALYA L. KEARSE,**
> **ROBERT A. KATZMANN,**
> **SUSAN L. CARNEY,**
> > *Circuit Judges.*

_____

**Jan Harris,**

> *Plaintiff-Appellant*,

> **v.**                                                                 **20-1960**

**TD Ameritrade, Inc., a New York corporation, TD Ameritrade Clearing Inc., a Nebraska corporation, Scottrade Inc., an Arizona corporation, Depository Trust and Clearing Corporation, a New York corporation, Depository Trust Company, a New York corporation, Cede & Co., a New York partnership,**

> *Defendants-Appellees*.

_____

**FOR PLAINTIFF-APPELLANT:**                Jan Harris, pro se, Kailua-Kona, HI

**FOR DEFENDANTS-APPELLEES:**  Robert J. Walker**,** Gallagher, Walker, Bianco & Plastaras, LLP, Mineola, NY (*for* Scottrade Inc.)

Eric Rieder, Laith J. Hamdan, Bryan Cave Leighton Paisner LLP, New York, NY (*for* TD Ameritrade, Inc. and TD Ameritrade Clearing Inc.)

Gregg M. Mashberg, Zachary W. Klinger, Proskauer Rose LLP, New York, NY (*for* Depository Trust Company and Cede & Co.)

Appeal from a judgment of the United States District Court for the Southern District of New York (Swain, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on June 10, 2020, is **AFFIRMED**.

Appellant Jan Harris, pro se, appeals from the dismissal of her lawsuit against TD Ameritrade, Inc., TD Ameritrade Clearing, Inc., and Scottrade Inc. (the "Brokerage Defendants"), and Depository Trust and Clearing Corporation, Depository Trust Company, and Cede & Co. (the "DTC Defendants"). Harris's complaint sought immediate possession of more than two million shares of common stock in Bancorp International Group, Inc. and asserted state law claims. The district court, on the defendants' motions, dismissed the complaint as to the DTC Defendants, and compelled arbitration of the claims against the Brokerage Defendants. After Harris pursued arbitration and the claims were decided against her, she filed multiple motions in the district court, seeking leave to amend her complaint, immediate possession of her shares, and a declaratory judgment. The district court denied the motions under Federal Rule of Civil

2

Procedure 12(b)(6) and dismissed the complaint in its entirety. This appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, and refer to them only as necessary to explain our decision to affirm.

"We review de novo the dismissal of a complaint under Rule 12(b)(6), accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Litwin v. Blackstone Group, L.P.*, 634 F.3d 706, 715 (2d Cir. 2011) (internal quotation marks and citation omitted). We also review *de novo* the district court's decision to compel arbitration, *see Cohen v. UBS Fin. Servs., Inc.*, 799 F.3d 174, 177 (2d Cir. 2015), examining the court's related factual findings for clear error, *see George v. LeBeau*, 455 F.3d 92, 93 (2d Cir. 2006). Orders denying reconsideration and leave to amend the complaint are reviewed for abuse of discretion. *See Cohen*, 799 F.3d at 177 (reconsideration); *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012) (leave to amend).

We agree with the district court that Harris was required to arbitrate her claims against the Brokerage Defendants. The Federal Arbitration Act "requires the federal courts to enforce arbitration agreements, reflecting Congress' recognition that arbitration is to be encouraged . . . ." *Vera v. Saks & Co.*, 335 F.3d 109, 116 (2d Cir. 2003) (internal quotation marks and citation omitted). Whether a dispute should be arbitrated depends on two questions: "(1) whether there exists a valid agreement to arbitrate at all under the contract in question . . . and if so, (2) whether the particular dispute sought to be arbitrated falls within the scope of the arbitration agreement." *Hartford Accident & Indem. Co. v. Swiss Reins. Am. Corp.*, 246 F.3d 219, 226 (2d Cir. 2001) (internal quotation marks and citation omitted). Broad arbitration agreements "create[] a presumption of arbitrability." *Holick v. Cellular Sales of N.Y., LLC*, 802 F.3d 391, 395

3

(2d Cir. 2015) (internal quotation marks and citation omitted).

Here, Harris does not dispute that her claims fell within the scope of the arbitration agreement. Instead, she argues that because FINRA refused to accept her re-submitted claims, those claims are now not arbitrable. But FINRA rejected her claims because they had already been resolved, not due to a lack of jurisdiction. The finality of the previous FINRA decision is "not a question of arbitrability" but rather a "legal defense to the opposing party's claims." *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 776 F.3d 126, 131 (2d Cir. 2015) (citing *Nat'l Union Fire Ins. Co. of Pittsburgh v. Belco Petroleum Corp.*, 88 F.3d 129, 135–36 (2d Cir. 1996)). Because the agreements broadly covered any dispute arising from Harris's accounts with the Brokerage Defendants, the district court properly compelled arbitration.

As to Harris's trespass claim against the DTC Defendants, she does not argue on appeal that she has stated a claim for trespass under New York law or outline an argument as to why the district court's legal conclusions are incorrect. Thus, we affirm the decision of the district court. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (holding that pro se litigant "abandoned" issue by failing to address it in appellate brief).

We find no error either in the district court's denial of Harris's motion for leave to amend. Harris did not assert a federal claim in her complaint and provided no compelling reason for the court to allow amendment, particularly since authorities have uniformly held that SEC Rule 15c3-3, upon which Harris purported to rely, does not create a private right of action. *See, e.g.*, *Harris v. TD Ameritrade, Inc.*, 805 F.3d 664, 666 (6th Cir. 2015) (Rule 15c3-3 "does not create a private right of action. And neither the section of the Securities Exchange Act of 1934 under which this rule was promulgated . . . nor any other part of the Act creates a private cause of action related" to

4

the right to receive physical delivery of certificates.); *see also Berner v. Lazzaro*, 730 F.2d 1319, 1320 n.1 (9th Cir. 1984) ("No private right of action exists under [Section 15(c) of the Securities Exchange Act]."); *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 949 n.15 (3d Cir. 1985) ("Rule 15c3-3(b) . . . merely provides a standard of conduct to be followed by a broker-dealer . . . ."); *cf. Asch v. Philips, Appel & Walden, Inc.*, 867 F.2d 776, 777 (2d Cir. 1989) (holding that Section 15(c)(1) of the Securities Exchange Act does not create a private cause of action). Although this Court has not ruled on that question (and we decline to do so now), the district court did not abuse its discretion in denying leave to add such a claim.

Finally, because we hold that the district court properly rejected both Harris's claims on the merits and her motion for leave to amend her complaint, we also affirm the district court's order denying Harris's motion for immediate possession of the Bancorp shares of common stock. Although Harris argues that SEC Rule 15c3-3(l) provides her with an "absolute right" to immediate possession of these shares, Appellant's Br. 36–37, she makes this argument for the first time on appeal and without citation to legal authority. As a result, we do not consider this new argument on the merits. *See Baker v. Dorfman*, 239 F.3d 415, 420 (2d Cir. 2000).

We have considered Harris's remaining arguments and find in them no basis for reversal. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5